<hr/>

David E. Ward *v.* Ellis Baker and Martin O. Walker.

In actions on book, it rests, ordinarily, in the discretion of the auditor and the county court to determine whether the parties ought to be required to produce their original books.

The decision of the county court, in accepting a report of auditors, who have allowed charges without requiring the party to produce his original book, cannot ordinarily be revised by the supreme court; certainly not, unless all the facts, upon which the decision was made, be detailed upon the record.

Book Account. Among the items of the defendants' account, was a charge of ten dollars, money delivered, in reference to which the auditor reported that the charge was disputed by the plaintiff, and that there was no evidence to sustain it, excepting the testimony of Martin O. Walker, one of the defendants. The plaintiff insisted that the defendants should be required to produce their original book of entries, on which the charge was made; but it appeared from the testimony of said Walker that, on moving the office of the defendants, said original book of entries, which was in the posses-

Ward *v.* Baker et al.

sion of the defendant Baker, had been misplaced, and that said Walker was unable to find it; but that the account exhibited was a true transcript of the original entries, which he made from said book previous to its being misplaced.

The auditor allowed the item without requiring the defendants to produce the book, and the county court accepted his report. Exceptions by plaintiff.

*A. Pond* for plaintiff.

It has been held that the book of a party is evidence for or against him, according to its appearance; and that our law has given to the adverse party the right to claim its production. *Cummings* v. *Fullam*, 13 Vt. 439. It is written evidence, therefore, and subject to the general rule; before evidence of its contents can be admitted, satisfactory evidence of its loss must be given. *Viles et al.* v. *Moulton*, 11 Vt. 470. *Royalton* v. *R. &. W. Turnp. Co.*, 14 Vt. 311.

The only discretion given to the auditor is, in deciding whether the request is, or is not, reasonable; that is, if the book is demanded, a reasonable time must be allowed to produce it. If it have been lost, or destroyed, that fact should be satisfactorily shown; it is not sufficient to say that it has been mislaid, without showing any diligence whatever to find it. What Walker testified to might have been true, and yet Baker have the book in his possession.

*Foot & Everts* for defendants.

The statute leaves it discretionary with the auditor, before whom the action is tried, to require the production of the original book of the party, or not. Rev. St. c. 36, § 8. In this case he decided that the request to produce it was not reasonable, and his decision upon that point is conclusive.

The opinion of the court was delivered by

REDFIELD, J. The only question made in this case is in regard to the charge of ten dollars in the defendants' account, which was allowed upon the oath of the defendant Walker, without the production of the defendants' original book, when it appeared that they had one, upon which this was charged.

Hyde *v.* Moffat.

The provision of the statute, chapter 11, § 8, is as follows; "the court, before which the action shall be pending, and also the auditors, &c., may call upon either party to produce, at any time pending the suit, either his ledger, or original book of entries, as they shall think proper ; and no disputed account shall be allowed upon the oath of the party, when it shall appear that he has an original book of entries, unless such book shall be produced upon reasonable notice."

Such a provision has been in force in this state for many years, and has long since received a practical construction. It has not been considered that the party was bound to produce his original books, unless required so to do by the auditor, or the court. The application in such cases usually comes first before the auditor. He is to determine the matter, according to what he deems just and reasonable, under the circumstances; if the parties are dissatisfied with his decision, the question may be referred to the court appointing him. If both the auditor and the county court refuse to order the production of the books, that question cannot ordinarily come before this court for revision. The matter is, by the statute, made one of discretion in the auditor, or the county court, and such decisions as are made by the county court, upon matters resting wholly in discretion, are not the ground of a writ of error ;— certainly not unless all the facts, upon which the decision is made, are spread upon the record. That is not done in the present case.

We are not told by the record where the office of the defendants was, but only, that the book was misplaced in moving their office. If the books were voluminous, or very remote, or lost, or unimportant to the determination of the case, it would be a sufficient reason for dispensing with their production. Any or all these reasons might have existed in the present case. We see no reason for questioning either the correctness, or the conclusiveness, of the decision of the county court. In ordinary cases, no doubt, where there is an original book, upon which the entries appear, it should be produced ; but it is not a matter of course.

Judgment affirmed.